1  **LAW OFFICE OF STEWART KATZ**
   Stewart Katz, SBN # 127425
2  555 University Avenue, Suite 270
   Sacramento, CA  95825
3  (916) 444-5678

4  Attorney for Plaintiff

5
   **MORENO & RIVERA, LLP**
6  Jesse M. Rivera, CSN 84259
   Jonathan B. Paul, CSN 215884
7  1451 River Park Drive, Suite 145
   Sacramento, California 95815
8  (916) 922-1200
9
10 Attorney for Defendants

11
                    **UNITED STATES DISTRICT COURT**
12
                     **EASTERN DISTRICT OF CALIFORNIA**
13

14
   PERRY E. ANDERSON, JR.,
15                                              CASE NO.  2:08-CV-00656-GEB-GGH
              Plaintiff,
16
         vs.
17
   COUNTY OF SACRAMENTO;                        **STIPULATION OF PARTIES**
18 Sacramento County Sheriff LOU BLANAS;        **REQUESTING COURT APPROVAL**
   Sacramento County Chief Deputy of            **OF SETTLEMENT OF**
19 Correctional Services BILL KELLY;            **INCOMPETENT'S CLAIMS;**
   Sacramento County Sheriff Division           **[PROPOSED] ORDER**
20 Commander Captain ERIC MANESS;
   Sacramento County Deputy LAWRENCE
21 ORTIZ; and DOES 1 through 20, inclusive,
22           Defendants.
23 _____/
24
25        PURSUANT TO LOCAL RULE 17-202, the parties to the above-referenced action
26
   by and through their undersigned attorneys hereby stipulate and respectfully request the
27
28


Stipulation Requesting Approval of Settlement of Incompetent's Claims; [Proposed Order]
                                                                                      1

Court to approve the settlement of the incompetent's claims in this matter on the reasons set forth below.

## BASIS FOR APPROVAL OF PROPOSED SETTLEMENT
## OR COMPROMISE OF INCOMPETENT'S CLAIM

The above referenced case is a civil right action involving Plaintiff PERRY E. ANDERSON, JR. brought under 42 U.S.C. section 1983, with supplemental state law claims, stemming from an April 4, 2006 incident between Plaintiff and Sacramento County Sheriff's deputy Lawrence Ortiz at Rio Cosumnes Correctional Center. Plaintiff was serving a felony sentence at that branch jail. Plaintiff had a history of mental health issues and a diagnosed learning disability, although there was never a suggestion that this disability prevented him from facing criminal charges. Following a verbal exchange which may have been a matter of miscommunication, Plaintiff was pushed against a plate glass window, which broke, causing injuries. Plaintiff brought claims against the individual deputy for violation of civil rights and state law as well as the Chief Deputy of Correctional Services Bill Kelly, the Division Commander Captain Eric Maness, the Sacramento County Sheriff Lou Blanas and the County of Sacramento for unconstitutional policies, practices and procedures as well as the failure to properly train and supervise deputies.

This Stipulation and Proposed Order seek approval of the Settlement of the Plaintiff's claims in this matter.

1. **Incompetent's name:**   PERRY E. ANDERSON, JR.

2. **Age/Sex of Incompetent:**   PERRY E. ANDERSON, JR. is a twenty-one year old male, DOB 4/1/87.

3. **Causes of Action:**   The causes of action to be settled in this case on behalf of the incompetent person involve both federal and state law claims alleged against all parties.

4. **Factual Basis:**   ANDERSON was serving a felony sentence at RCCC for a conviction for receiving stolen property. At the time of the incident, Plaintiff was performing kitchen worker duties. A verbal exchange, which may have been a matter of

1  miscommunication, resulted in Deputy Lawrence Ortiz pushing Plaintiff against a plate
2  glass window.  The window broke, causing Plaintiff to be injured.
3  5.     **Extent of Injuries:**    Plaintiff's injuries included a two inch laceration on his left
4  forearm which required stitches and follow-up wound care, minor permanent scarring on
5  his arm, and emotional injuries.  Plaintiff received no additional medical treatment or any
6  psychological counseling regarding the incident after his release from custody.  Plaintiff is
7  unable to attribute any wage loss or special damages to this incident.
8  6.     **Compromise determination:**    Defendants were substantially motivated to resolve
9  this case at an early stage to minimize their potential attorneys' fees as well as in
10 recognition that there was a significant chance of their losing on a negligence theory.
11         There were a number of eyewitnesses who gave conflicting accounts some of which
12 were favorable to the Defendants, the majority of which tipped towards Plaintiff.
13         The fact that Plaintiff could assert that he was thrown through a window has a
14 certain dramatic impact.  Arguably, his disability may have made him more vulnerable to
15 abuse.   On the other hand, Plaintiff, no doubt in part due to his disability, was unlikely to
16 present as a particularly persuasive witness.  Plaintiff's consultations with an architectural
17 expert indicated that while breaking the window would likely have required considerable
18 force, there could have been a huge variation on the force actually required.  To calculate
19 the actual amount of force used in this instance would have been difficult or impossible to
20 establish.
21         The amount of the settlement will have a significant value on the quality of life of
22 Plaintiff, who is of meager means.
23      **A. Settlement Terms including Attorney Fees and Costs.**
24         The parties propose that the Court approve a total settlement of $39,000.00.  Out of
25 this amount, $5,495.18 will be paid directly to the Department of Revenue Recovery to
26 satisfy Plaintiff's previous legal financial obligations. Plaintiff's attorney Stewart Katz has
27 agreed to take one third, or 33.3%, of the net amount after the deduction of the Department
28 of Revenue Recovery payment, the filing fee (which was $350.00) and the cost of

1 establishing Plaintiff's special needs trust.  Drobny Law Offices have estimated the cost of
2 setting up that trust will be between $1500 and $2500.  Based upon these figures, attorney
3 fees will be approximately $10,380.  The remaining amount of the settlement, which is
4 estimated to be $20,770 will be allocated to Plaintiff through his special needs trust with his
5 guardian ad litem, Wilma L. Smith, as trustee.

6      Plaintiff's attorney, Stewart Katz, was retained by Plaintiff shortly after the incident
7 occurred and while Plaintiff was still in custody.  He has handled this case throughout these
8 proceedings.  Plaintiff's counsel notes that the amount of the settlement for fees and costs is
9 appropriate as it has been approved by the guardian ad litem for the incompetent.
10 Additionally, under the civil rights fee agreement between the parties, Plaintiff's counsel
11 would have been entitled to $15,460.  However, Plaintiff's counsel has agreed to reduce
12 that amount in consideration of the amount of work performed and total value of
13 settlement.

14      A copy of the Release of the claims and the settlement checks and covering letter
15 are attached as Exhibit 1.  The Release is signed by Wilma L. Smith, the guardian ad litem
16 for Plaintiff in this matter.

17      It is anticipated that Plaintiff is expected, after costs, attorney fees, and the agreed
18 payment to the Department of Revenue Recovery, to received approximately $20,770.
19 Plaintiff's counsel has further agreed that should there be unexpected costs associated with
20 the special needs trust he will reduce his fee further to ensure that Plaintiff trust is funded
21 with at least $20,000.

22

23 Dated: February 11, 2009           LAW OFFICE OF STEWART KATZ

24                                                   /s/ Stewart Katz
25                                  STEWART KATZ,
                                 Attorney for Plaintiffs

26

27

28

1  Dated:  February 11, 2009                    MORENO & RIVERA, LLP

2

3                                                              /s/  Jonathan B. Paul
                                                             JONATHAN B. PAUL
4                                                            Attorney for Defendants

5

6

7        **IT IS SO ORDERED:**

8

9

10  Dated: 2/12/09

11                                                           Garland E. Burrell, Jr.
                                                             United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation Requesting Approval of Settlement of Incompetent's Claims; [Proposed Order]

5